UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JUSTIN SHANE RILEY**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 4:24-CV-P113-JHM**

**UNITED STATES MARSHALLS *et al*.**  **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983/*Bivens* prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Justin Shane Riley is incarcerated as a federal pretrial detainee at Daviess County Detention Center (DCDC). He sues the "United States Marshalls," which the Court construes as the United States Marshals Service, "Owensboro Mercy Health," which the Court construes as Owensboro Health, and the Owensboro Police Department.

Plaintiff makes the following allegations in the complaint:

On 8-12-24 my constitutional rights were broken when excessive force was used on me while I was unconscious and handcuffed where at some point my left foot was broken while being arrested. I briefly came to at the hospital where I remember hospital staff smothering me with smelling salts says, "oh he's just faking it." Then they shoved a cathider in my private to prove it. Which at that point another nurse spoke up on my behalf and they stopped. I eventually came too where I was told while in ambulance my blood pressure was over 200/150 or something similar. That is not fakeable. The OPD transporting officers then was really rude to me stating I got a case of "Jail itus" all of a sudden where I just didn't want to go to jail. I was in and out of consciousness and came partially too at jail where medical staff even refused to take me. So OPD then returned me to the hospital where I recovered over time. The whole time I was being told I was faking my medical issues and that I just didn't want to go to jail. And then forced to walk on my broken foot by OPD officers. [DCDC] had me looked at and treated at the hospital where it was confirmed by x-rays that my foot was broken during my arrest. I initially overheated on the back of cop car I was being held in in my driveway too.

> Which caused me to go unconscious to begin with after I asked several times for air.

Plaintiff attaches to the complaint medical records which show that he was seen by a doctor on October 14, 2024, who told him that his toe fracture had healed.

As relief, Plaintiff seeks damages and "release from custody to attend Rehab."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. United States Marshals Service (USMS)

Although the complaint contains no allegations against the USMS, the Court presumes that Plaintiff is suing the agency because he is in its custody as a federal pretrial detainee. Because the complaint raises constitutional concerns, the Court additionally presumes that Plaintiff is attempting to bring claims against the USMS under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, "[s]overeign immunity shields the Federal Government and its agencies from suit" under *Bivens*. *FDIC v. Meyer*, 510 U.S. 471 (1994). *See also Culliver v. Corr. Corp. of Am.*, 211 F.3d 1268 (6th Cir. Apr. 28, 2000) (dismissing claims against the USMS for this reason) (citing *Gibson v. Matthews*, 926 F.2d 532, 534 (6th Cir. 1991); *Bennett v. Washington,* No. 4:23-CV-00126-JHM, 2024 U.S. Dist. LEXIS 101633, at *3-4 (W.D. Ky. June 7, 2024) (same); *Mathis v. U.S. Marshal Serv.*, No. 2:11-cv-271, 2011 U.S. Dist. LEXIS 37947, at *4 (S.D. Ohio Apr. 5, 2011) (same); *Briggs v. U.S. Marshals Serv.*, No. 04-2648, 2007 U.S. Dist. LEXIS 29099, at *7-8 (W.D. Tenn. Apr. 19, 2007) (same).

Thus, Plaintiff's claims against the USMS must be dismissed as barred by the doctrine of sovereign immunity.

### B.  Owensboro Health (OH)

Plaintiff makes no allegations against Owensboro Health (OH), which is a private non-profit corporation.  *See*  https://web.sos.ky.gov/bussearchnprofile/Profile.aspx/?ctr=802732i. However, to the extent that Plaintiff is attempting to hold OH liable under *Bivens* because he was a federal pretrial detainee when he was treated there, the claims against it must be dismissed for failure to state a claim upon which relief may be granted.  This is because there is no private right of action under *Bivens* for damages against private entities.  *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations"); *see also Minneci v. Pollard*, 565 U.S. 118 (2012) (*Bivens* does not apply to employees of a private prison who are not federal officers even when operating under contract with the federal government).

Alternatively, if Plaintiff is attempting to hold OH liable under § 1983 because he was taken to the hospital by OPD officers, his claims against OH would still be dismissed for failure to state a claim upon which relief is granted because his allegations do not show that OH is a state actor.  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  In *Phillips v. Tangilag*, the Sixth Circuit held that "private parties do not automatically become 'state' actors simply by caring for prisoners."  14 F.4th 524, 533 (6th Cir. 2021).  It then more specifically stated that "a hospital with an emergency room that generally must treat all patients who seek care for life-threatening conditions" does not "become a state actor" simply because, as Plaintiff alleges

here, "a prisoner gets rushed there for a medical emergency." *Id.* (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827-28, 831 (7th Cir. 2009)).

Thus, Plaintiff's claims against Owensboro Health must be dismissed for failure to state a claim upon which relief may be granted.

### C. Owensboro Police Department (OPD)

The Court next address Plaintiff's claims against the OPD. Municipal departments, such as police departments, are not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a police department is not an entity which may be sued under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). An action brought against a municipal department is construed as brought against the municipality itself. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d at 1049. Thus, the Court construes Plaintiff's claims against the OPD as claims against the City of Owensboro.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of the City of Owensboro.

Accordingly, Plaintiff's claims against the OPD/City of Owensboro must also be dismissed for failure to state a claim upon which relief may be granted.

**D. Injunctive Relief**

Finally, even if Plaintiff had stated a claim upon which relief may be granted, he still would not be granted the injunctive relief he seeks in this action - release from jail. "[W]hen a [] prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[1]

**IV.**

For the foregoing reasons, the Court will dismiss this action for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The Court, however, will dismiss the action without prejudice and with leave to amend the complaint for Plaintiff to name as Defendants the individual OPD officers who allegedly used excessive force against him during his arrest. *See Rashada v. Flegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

Thus, the Court **DIRECTS** the **Clerk of Court** to place this case number and the word "Amended" on a § 1983 complaint form and to send it to Plaintiff along with four summons forms. Should Plaintiff decide to file an amended complaint against the individual OPD officers who he alleges used excessive force against him during his arrest, he should explain in detail the actions taken by each officer.

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .,' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: January 23, 2025

*signature*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

7